UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC D. PERRY,

    Plaintiff,

    v.

NICOLE MCGUIRE, et al.,

    Defendants.

Case No. 15-cv-03967-JCS (PR)

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983 in which he raises claims against various state actors. His original complaint failed to state a claim for relief and was dismissed with leave to amend. The amended complaint fails to correct the deficiencies of the first. Accordingly, this federal civil rights action is DISMISSED.

# DISCUSSION

**A.  Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

1  plausibility when the plaintiff pleads factual content that allows the court to draw the
2  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting
3  *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal
4  conclusions cast in the form of factual allegations if those conclusions cannot reasonably
5  be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
6  (9th Cir. 1994).

7  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
8  elements: (1) that a right secured by the Constitution or laws of the United States was
9  violated, and (2) that the alleged violation was committed by a person acting under the
10 color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

The amended complaint, like the original, is disorganized, difficult to follow, and raises unrelated claims. When liberally construed, it appears plaintiff alleges that (1) seven unnamed Santa Clara County Sheriff deputies used excessive force on him; (2) his attorney "put him in incompetency proceedings"; (3) the prosecutor committed misconduct; and (4) the trial court imposed an improper sentence.

The amended complaint is DISMISSED without prejudice. First, plaintiff fails to state a claim against the deputies. He was instructed in a prior order to name the specific persons and to allege <u>specific</u> facts showing that each deputy applied force maliciously and sadistically to cause harm. This he fails to do. While he provides some names, he asserts only that he "believe[s]" that these persons "had something to do with this incident," not that they were directly involved or responsible. (First Am. Compl. at 5.) He provides no details about the actions of any specific deputy. As such, plaintiff fails to plead factual content that allows the Court to draw the reasonable inference that the defendants are liable for the misconduct alleged. Accordingly, his excessive force claims are DISMISSED without prejudice. When plaintiff obtains the names of the deputies <u>and</u> can set forth <u>specific</u> facts regarding the actions of each one, he may move to reopen this action.

Second, his other claims (against the prosecutor, his attorney and the trial court)

relate to the legality and duration of his confinement and are DISMISSED for two reasons. First, a habeas petition, not a civil rights action, is the appropriate method of challenging the legality or duration of one's confinement.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).  Plaintiff asserts that he has filed a habeas action in this district.  It is in that case, not this one, that he should raise such claims.

Second, his claims against the prosecutor, the trial court and his defense attorney are barred by Supreme Court case law.  In order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  The instant complaint contains no such showing.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice.  The Clerk shall enter judgment in favor of defendants, and close the file.

IT IS SO ORDERED.

Dated:  March 21, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC D. PERRY,<br><br>    Plaintiff,<br><br>v.<br><br>NICOLE MCGUIRE, et al.,<br><br>    Defendants. | Case No. 15-cv-03967-JCS<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 21, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric D. Perry ID: EBC259
Elmwood Correctional Facility Booking #14029529
701 S. Abel Street
Milpitas, CA 95035


Dated: March 21, 2016


                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By:_____
                                        Karen Hom, Deputy Clerk to the
                                        Honorable JOSEPH C. SPERO